UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 23-70-DCR

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                                            PLEA AGREEMENT

MARK EDWARD MORRIS                                                           DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, charging a violation of 18 U.S.C. § 2250(a), Failure to Register as a Sex Offender.

2. The essential elements of 18 U.S.C. § 2250(a) are:

   (a) The Defendant was required to register under the Sex Offender Registration and Notification Act; and

   (b) The Defendant traveled in interstate or foreign commerce; and

   (c) The Defendant then knowingly failed to register or update his registration as required by the Sex Offender Registration and Notification Act.

3. As to the Count charged in the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

   (a) Morris was convicted on September 05, 2006, in Cass County, Iowa for Assault with Intent to Commit Sexual Abuse Causing Bodily Injury and was sentenced to Five (5) years imprisonment (suspended). The conviction requires that Morris register as a sex offender for life.

(b) Subsequent to his conviction in Iowa, Morris moved to Kentucky. On October 7, 2016, Morris signed and dated both the Kentucky Sex Offender Registration Form and the Kentucky Sex Offender Registrant Responsibilities Form. Morris was classified as a lifetime registrant in the state of Kentucky. While living in Kentucky, Morris registered or completed numerous verification address forms from 2016 through 2019—approximately two in 2016, seven in 2017, six in 2018, and three in 2019. On many of these forms Morris provided false addresses, even using a Wal-Mart address as his residence with certified letters being returned to the Kentucky State Police or refused at a residence that he provided. During that period, the Kentucky State Police (KSP) issued to Morris several warnings and/or Notifications of "Non-Compliance" with the KSP Sex Offender Registry.

(c) On March 25, 2019, Morris completed a Kentucky Sex Offender Registration Form indicating that his primary residence was in Fort Collins, Colorado. The KSP Sex Offender Registry issued a letter to the Colorado Bureau of Investigation informing them that Morris had relocated to Colorado and "has been advised he must register with your state." On April 1, 2019, Morris registered in Colorado as Homeless/Transient. Morris also registered in Iowa in February of 2022.

(d) At some point after his last registration in Iowa, Morris returned to Kentucky. Records obtained from Staffmark employment agency confirmed that Morris was employed and placed by the staffing company at a corporation in Corbin, KY beginning in May 2022. Surveillance confirmed that, up until the date of his arrest on this Indictment, Morris was residing in Madison County, in the Eastern District of Kentucky.

(e) Morris admits that he was residing and working in Kentucky from at least 2022 until the time of his arrest and that, during that time, he knowingly failed to register or update his registration information as required by the Sex Offender Registration and Notification Act.

4. The statutory punishment for the count alleged in the Indictment is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2021, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2A3.5, the base offense level is 16 because the Defendant was required to register as a Tier III offender.

    (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea, conviction, and sentence, except that the Defendant retains the right to appeal his sentence if it exceeds the applicable guideline range, as determined by the Court at the time of sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant understands that he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register

with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of execution of this plea agreement, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from

the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8/21/23    By: /s/ Erin M. Roth
Erin M. Roth
Assistant United States Attorney

Date: 8/21/2023    /s/ Mark Edward Morris
Mark Edward Morris
Defendant

Date: 8/21/2023    /s/ Adele Burt Brown
Adele Brown

Attorney for Defendant